UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF EASTCOAST ELECTRIC, LLC<br><br>　　　　　　　　　　Plaintiff,<br><br>　　-vs-<br><br>PETERSON AFFILIATES, INC., and FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>　　　　　　　　　　Defendants. | **COMPLAINT**<br><br>Civil Action<br><br>No._____ |

## JURISDICTION

1.	The Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 and the provisions of the Miller Act, 40 U.S.C. § 3133(b)(3)(B). The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

## VENUE

2.	The contract at issue was to be performed and executed in Steuben County, New York. Venue therefore lies in the United States District Court for the Western District of New York pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(2).

## THE PARTIES

3.	Eastcoast Electric, LLC. ("Eastcoast") is a New York limited liability company, organized and existing under the laws of the State of New York, with its principal place of business located at 546 Lyell Avenue, Rochester, New York, 14606.

4.	Upon information and belief, Defendant Peterson Affiliates, Inc. ("Peterson") is a New York business corporation, organized and existing under the laws of State of New York,

with its principal place of business located at 14 Industrial Park Circle, Rochester, New York, 14624.

5. Upon information and belief, Fidelity and Deposit Company of Maryland ("F&D Co.") is a Maryland business corporation, organized and existing under the laws of the state of Maryland, with its principal place of business located at 600 Red Brook Boulevard, 4th Floor, Owings Mills, Maryland 21117.

## STATEMENT OF FACTS

6. Upon information and belief, on or about September 28, 2011, Peterson entered into a written contract with the Department of Veterans Affairs (the "VA") for a federal improvement project known as the Renovations to Building 29A of the VA Medical Center, Bath, New York, VA Project No. 528A6-10-622 (the "Project"); Contract No. VA528-C-0930 (the "Prime Contract").

7. On or about September 28, 2011, Peterson obtained a Miller Act payment bond (the "Bond") from defendant F&D Co. in the amount of $1,633,000.00 as required by the VA and under 40 U.S.C. § 3131, et seq. In the Bond, F&D Co. agreed to be bound "jointly and severally" with Peterson to make payment to all persons having a direct relationship with Peterson or to any subcontractor of Peterson who furnished labor, material or both in the prosecution of the work provided for in the Prime Contract in the event that Peterson failed to make prompt payment to such persons.

8. Thereafter, on or about October 17, 2011, and in furtherance of its Prime Contract with the VA, Peterson entered into a written agreement with Eastcoast (the "Subcontract") whereby Eastcoast would furnish the necessary labor, materials and equipment to complete the electrical portion of the work described in the Prime Contract.

9. Eastcoast duly completed its work on or about June 9, 2013, all of which was furnished in the prosecution of the Project work provided for in the Subcontract and associated plans and specifications.

10. Peterson has failed and refused to pay Eastcoast $25,311.25 representing the balance due under Eastcoast's Subcontract, and more than 90 days have elapsed since Peterson's failure to pay.

## FIRST CLAIM AGAINST PETERSON

(BREACH OF CONTRACT)

11. Eastcoast repeats and realleges each and every foregoing paragraph as if fully restated herein.

12. Eastcoast has performed all of its obligations under the Subcontract.

13. Peterson has failed and refused to pay Eastcoast in full for the labor, services and materials that were furnished in the prosecution of the work provided for in the Subcontract.

14. Peterson has therefore breached its Subcontract with Eastcoast, and Eastcoast has suffered damages in the amount of $25,311.25 plus statutory interest.

## SECOND CLAIM AGAINST PETERSON

(QUANTUM MERUIT)

15. Eastcoast repeats and realleges each and every foregoing paragraph as if fully restated herein.

16. Eastcoast provided valuable labor, services and materials that were necessary for Peterson to perform and complete its obligations under the Prime Contract.

17. Peterson knew that Eastcoast was furnishing said labor, services and materials and that Eastcoast expected to be paid for the same.

18. Peterson accepted and received the benefits of Eastcoast's labor, services and materials, but has failed and refused to pay Eastcoast for the same.

19. Therefore, Peterson has been unjustly enriched and Eastcoast has suffered damages in the amount of $25,311.25 plus interest.

### THIRD CLAIM AGAINST PETERSON

#### (ACCOUNT STATED)

20. Eastcoast repeats and realleges each and every foregoing paragraph as if fully restated herein.

21. Since the substantial completion of Eastcoast's work for Peterson under the Subcontract, and subsequently thereafter, true accounts have been made by Eastcoast to Peterson for that work.

22. Said accounts were accepted and retained by Peterson without objection.

23. Despite Eastcoast's repeated demands for payment, Peterson has refused to pay the balance of the debt.

24. Therefore, Peterson is indebted to Eastcoast in the amount of $25,311.25, plus interest.

### FIRST CLAIM AGAINST F&D CO.

#### (MILLER ACT CLAIM)

25. Eastcoast repeats and realleges each and every foregoing paragraph as if fully restated herein.

26. Eastcoast has furnished labor and material in carrying out work provided for in the Prime Contract for which the Bond was furnished, and has not been paid in full within ninety days after it provided the last item of labor and material for the Project.

27.     Therefore, F&D Co. is obligated, pursuant to the Bond, to pay Eastcoast for the labor and material it furnished in the prosecution of the work provided for in the Subcontract for which Peterson failed to make payment.

28.     F&D Co. has failed to fulfill its obligation under the Bond to pay Eastcoast for the labor and material it furnished in the prosecution of the work provided for in the Subcontract, for which Peterson failed to make payment.

29.     Eastcoast is therefore entitled to payment from F&D Co. pursuant to the Miller Act, 40 U.S.C. § 3133 and the terms of the Bond in the amount of $25,311.25 plus interest.

## FOURTH CLAIM AGAINST PETERSON
## AND SECOND CLAIM AGAINST F&D CO.

(ATTORNEY'S FEES)

30.     Eastcoast repeats and realleges each and every foregoing paragraph as if fully restated herein.

31.     Upon information and belief, the Defendants' failure to pay Eastcoast for the work described herein was done in bad faith, vexatiously, wantonly, and/or for oppressive reasons.

32.     Therefore, the Defendants are liable to Eastcoast for its reasonable attorney's fees incurred in the prosecution of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Eastcoast Electric, LLC prays for a Judgment on its Complaint herein awarding the following:

1.     Damages against Peterson in the amount of $25,311.25 plus applicable interest on its first, second and third causes of action;

2. Damages against F&D Co. on its fourth cause of action;

3. Costs of suit incurred herein;

4. Reasonable attorney's fees; and

5. Such other and further relief as the Court may deem just and proper.

Dated: January 22, 2014

                                            EASTCOAST ELECTRIC, LLC

                                            By its attorneys,

                                            **ADAMS BELL ADAMS, P.C.**

                                            Daniel P. Adams, Esq.
                                            Bar # DA7059
                                            *Attorneys for Plaintiff*
                                            28 East Main Street, Suite 600
                                            Rochester, New York 14607
                                            T: (585) 232-6900
                                            Fax: (585) 232-8463
                                            dadams@gatesandadams.com